LOUISE DORAN, Respondent, *v.* WILLIAM M. BARRETT, as President of the ADAMS EXPRESS COMPANY, Appellant.

*Judgment — associations — action to recover on foreign judgment against joint stock association organized under the laws of this State.*

*Doran v. Barrett,* 212 App. Div. 814, affirmed.

(Argued January 14, 1926; decided February 24, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 30, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.    The action was to recover upon a judgment of the Court of Common Pleas of the State of Pennsylvania in favor of plaintiff entered upon a verdict in an action against the Adams Express Company, a joint stock association organized under the laws of this State. The question was whether the judgment could be enforced by suit in the courts of the State against William M. Barrett, as president of the Adams Express Company.

*B. P. Kerfoot, Charles W. Stockton* and *Kenneth E. Stockton* for appellant.

*Eugene Mackey* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.    Not voting: CARDOZO, J.

---

LOUIS COLUCCI, Appellant, *v.* LEHIGH VALLEY RAILROAD COMPANY, Respondent.

*Negligence — railroads — trial in this State of action to recover for injuries received in New Jersey by being struck by train at railroad crossing — motion to dismiss complaint for failure of plaintiff to show freedom from contributory negligence — New Jersey statute providing that question of contributory negligence should be left to jury properly disregarded by court in passing upon motion.*

*Colucci v. Lehigh Valley R. R. Co.,* 214 App. Div. 722, affirmed.

(Argued January 14, 1926; decided February 24, 1926.)

APPEAL, by permission, from a judgment entered June 5, 1925, upon an order of the Appellate Division of the

**33**

Supreme Court in the first judicial department over-ruling plaintiff's exceptions, ordered to be heard in the first instance by the Appellate Division, and directing a dismissal of the complaint upon the judgment at the Trial Term. The action was to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. While crossing the defend-ant's railway tracks after dark, at a grade crossing of a highway in the State of New Jersey which was unguarded by lights, gates or flagman, he was struck by a freight car which had no light upon it and which was being pushed by an engine which was between it and other freight cars, and received the injuries complained of. The trial court dismissed the complaint at the close of plaintiff's case on the ground that he had not shown that he was free from contributory negligence. Appellant contended the court might not determine the question as a matter of law but was bound to leave it to the jury in accordance with the law of New Jersey where the accident happened.

*Lyman A. Spalding, Edward W. Norris* and *Theodore H. Lord* for appellant.

*Clifton P. Williamson* ' and *Edward W. Bourne* for respondent.

Judgment affirmed, with costs; no opinion.

. Concur: HISCOCK, Ch. J., McLAUGHLIN, CRANE and LEHMAN, JJ. Dissenting: POUND and ANDREWS, JJ. Not voting: CARDOZO, J. _____

EMIL H. BURGENS et al., Respondents, *v.* HERBERT E. ORR et al., Appellants.

*Equity — principal and agent — contract — accounting — injunction — action to set aside an agency and other contracts, for an accounting, to recover the value of dirt and stone removed from real property and to enjoin defendants from acting under said contracts.*

*Bergens* v. *Orr*, 214 App. Div. 811, affirmed.

(Argued January 14, 1926; decided February 24, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department,